UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80058-CIV-COHN/SELTZER

ANESTHESIA & CRITICAL CARE
SPECIALISTS OF PALM BEACH, P.A.

Plaintiff,

vs.

AETNA HEALTH, INC.,

Defendant.
_______________________________/

**PLAINTIFF, ANESTHESIA & CRITICAL CARE SPECIALISTS OF PALM BEACH, P.A.'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO MOTION TO REMAND**

Plaintiff, ANESTHESIA & CRITICAL CARE SPECIALISTS OF PALM BEACH, P.A. (hereinafter "ANESTHESIA"), by and through its undersigned attorneys, and pursuant to S.D. Fla. L. R. 7.1 hereby files its Reply to Defendant's Memorandum in Opposition to Motion to Remand and states:

**INTRODUCTION**

1. Pursuant to Local Rule, this Reply is limited to rebuttal of matters raised in the Memorandum in Opposition to Remand without re-argument of matters covered in the initial Motion to Remand. ANESTHESIA will address issues related to authorizations which AETNA relies upon, the non-emergency claims and AETNA's duties which are independent of ERISA.

First, ANESTHESIA would like to point out that this case is primarily a case where ANESTHESIA has asked the Court to declare if it can balance bill. ANESTHESIA did not raise issues in its complaint related to ERISA. ANAESTHESIA brought a declaratory action to determine

how a state statute is to be interpreted. AETNA has now injected into this case the authorizations which it attached to its Memorandum in Opposition to Motion to Remand which specifically provide for balance billing. Specifically, those authorizations state:

> "In consideration of service rendered or to be rendered to patient, the undersigned, whether he/she is he patient, patient's relative, patient's legal guardian, representative, agent, either individual or entity, **hereby obligates himself/herself individually**, to the hospital, physicians, surgeons, emergency department physicians, radiologists, **anesthesiologists**, and consultants involved in the patients case and **agrees to pay for any and all charges and expenses incurred or to be incurred**. It is agreed and understood that regardless of any and all assigned benefits/monies, I, as the designated responsible party, am **responsible for the total charges for services rendered, and I further agree that all amounts are due upon request and are payable to the** hospital, and the appropriate physicians, surgeons, emergency department physicians, radiologists, pathologists, **anesthesiologists** and consultants involved in patient's care and **agree to pay for any and all charges and expenses incurred or to be incurred**....I further understand that failure to precertify could result in reduced payments from patient's insurance company, leaving the undersigned financially responsible for the non-reimbursed portion of patient's bill. **It is further agreed and understood that the obtaining of verification of benefits and/or precertification does not in any form or fashion relieve the patient or the patient's family, other individual or entity signing on behalf of patient, of any liability for the financial responsibility for goods and services provided or to be provided to patient by the hospital and/or hospital based physicians and any other associated physician.** I fully understand and agree that hospital and/or hospital based physicians shall be entitled to full payment where a third party accident is involved notwithstanding any benefits payable by a managed care payor on my behalf as third-party primary responsibility." (emphasis added)

Despite this language, AETNA has claimed to the shared patients that balance billing is illegal, hence the defamation and unfair settlement claims which ANESTHESIA has brought. Thus, the very document which AETNA relies upon to support alleged ERISA preemption shows that either:

A) ANESTHESIA should prevail in all of its counts; or

B) That when the authorizations are compared with the applicable state statutes, that the authorizations are illegal agreements since the document and/or its related provisions are contrary to

law and should not be used for ERISA preemption and this Court to assert jurisdiction over this matter.

Additionally, AETNA appears to acknowledge that courts have allowed a private cause of action pursuant to Florida Statute §641.513 (for emergency services) without Federal ERISA preemption. AETNA states that the claim "arguably may not be completely preempted..." Therefore, the §641.513 claim for emergency services is the type of claim which can be brought in a Florida state court without being removed. ANESTHESIA concedes that it has produced to Defendant, AETNA HEALTH, INC. (hereinafter "AETNA"), signed authorizations by patients who received non-emergency services from ANESTHESIA. Plaintiff concedes that an assignment of benefits has been made to it from AETNA's subscribers. However, ANESTHESIA disputes the assertion that the assignments make the claims asserted for non-emergency services removable to Federal Court under ERISA super preemption. Assuming, *arguendo*, that ANESTHESIA is suing AETNA in the shoes of the patients to whom non-emergency services were provided and that the authorizations are valid, then ANESTHESIA's claims are akin to a claim for breach of contract.

**NON-EMERGENCY CLAIMS**

2. As for the claims related to Florida Statute §641.3155, the non-emergency services, AETNA argues the only way ANESTHESIA is entitled to payment is as a third party beneficiary pursuant to assignments from Aetna's subscribers. In fact, ANESTHESIA states in its Complaint at paragraph 21, that "it is an intended beneficiary of any agreement between Aetna and the Shared Patients. As such, and pursuant to statutory intent, ANESTHESIA is recognized as having rights to enforce the provisions of Chapter 641 Florida Statutes." Therefore, the claims related to §641.3155 which could only be paid by virtue of assignment is akin to an action for breach of contract and not preempted by ERISA. This was recognized by the Fourth District Court of Appeal in *Westside EKG*

*Associates v. Foundation Health*, 932 So. 2d 214 (Fla. 4th DCA 2005). In that case, *Westside* sued seven HMOs claiming violations of the Health Maintenance Association Act, §641, Florida Statutes, for the improper processing of provider's claims for medical services rendered to HMO subscribers. Id. at 216. The Fourth District Court of Appeal concluded that the Florida Supreme Court did not foreclose all private causes of action arising out of HMO violations of the HMO Act and deemed that the Florida Supreme Court's holding in *Villazon v. Prudential Health Care Plan, Inc.*, 843 So. 2d 842 (Fla. 2003) was not applicable to an action founded on theory of breach of contract. *Westside*, 932 So. 2d at 216. Additionally, the Fourth DCA recognized that while the Supreme Court stated that the HMO Act did not provide for a private right of action for damages for a violation of the Act's requirement, that the Supreme Court did acknowledge the right to bring a common law negligence claim based upon the same allegations. Id. Despite the nomenclature of Count III in the complaint, it can considered to be akin to a breach of contract claim.

3. Just as in the *Westside* case, ANESTHESIA claims can be founded upon the assertion that ANESTHESIA is a third party beneficiary of AETNA and its subscriber contracts, and that ANESTHESIA is entitled to enforce the applicable provisions of the HMO Act (Florida Statute §641.3155) by virtue of the common law principal that contracts governed by regulatory statutes are deemed to incorporate relevant portions of such statutes in their terms. *Westside*, 932 So. 2d at 216. The *Westside* court recognized *Westside's* right to bring its claims notwithstanding that the Act did not expressly authorize private enforcement of its provisions. Id. at 218. The Fourth DCA stated "We do not read Villazon as receding from the well established common law principal that contracts covering subjects regulated by statute are presumed to incorporate provisions of statutes regulating the subject of such contracts. Applying Villazon to bar breach of contract and declaratory judgment claims would essentially preclude any significant court action against HMOs." Id. at 218. In the

*Westside* case, the Defendant HMOs acknowledged that the "act contemplates non-contract, as well as contract, providers rendering services to subscribers, in that the legislator intended that non-contract providers stand on an equal footing with contract providers in enforcing their right to payment." Finally, the *Westside* court went on to state:

> "In another context, in *Jim Macon Building Contractors, Inc. v. Lake County*, 763 So. 2d 1223 (Fla. 5th DCA 2000), the court noted that there are three parties to a letter of credit: an issuer, an account holder, and a beneficiary who is entitled to collect monies. The court recognized that, although a letter of credit is often referred to as a contract between the issuer and the account holder, it is more accurate to say that the relationship imposes certain duties between the parties that are enforceable by the third party beneficiary. Similarly, in the HMO paradigm, there are three parties by contract or statute: the HMOs, the subscriber, and the service provider. The providers become the third party beneficiary of the subscriber - HMO contract once services are provided. Thus, similar to the letter of credit analysis in Jim Macon, the service providers are entitled to collect the monies as a third party beneficiary of the contract. We conclude that service providers, claiming as third party beneficiaries under a subscriber's contract, may bring an action founded on the HMO's failure to comply with the prompt pay provisions of the act."

4. The Fourth District Court of Appeal in, *Merkle, M.D., P.A. v. Health Options, Inc., et al.*, 940 So. 2d 1190 (Fla. 4th DCA 2006), also acknowledged that an HMO subscriber could pursue breach of contract and tort law claims against the HMO based on common law principals. Thus, ANESTHESIA can be considered a subscriber as a third party beneficiary by virtue of the assignments and bring common law contract and trust claims in State Court without ERISA preemption.

**<u>INDEPENDENT DUTIES SEPARATE FROM ERISA</u>**

5. ANESTHESIA's claims arise from an independent duty of AETNA, separate from ERISA. The cause of action pursuant to Florida Statute §641.513 for emergency services can be brought in State court without ERISA preemption. The cause of action related to the services provided

to non-emergency patients (§641.3155) can be likened to a breach of contract, and the claims for unjust enrichment and quantum meruit can be likened to an implied contract (should the assignments be invalid) between ANESTHESIA and AETNA, all of which are claims separate from ERISA which could be remanded to State Court. Further, the common law defamation claim is not related to ERISA, as it is alleged that shared patients were told by AETNA that ANESTHESIA's acts of balance billing were illegal and improper. It is alleged that ANESTHESIA has suffered damages to its business and reputation which result from the letters which contain false statements to third parties. The defamation claim asks that the letters be declared to be defamatory per se, award damages for lost business and profits related to the letters, and award damages for injury to the business's reputation. This is not relief available pursuant to ERISA. Finally, as for the unjust enrichment and quantum meruit claims, AETNA seems to touch on the merits of the claims as it argues that AETNA "would not have accepted such benefits without being notified by ACCS that the member had assigned the right to benefits to ECCS." At this point in time, ANESTHESIA simply has to plead the proper elements of claims for unjust enrichment and quantum meruit, it does not have to prove the claims.

**WHEREFORE**, ANESTHESIA respectfully requests this Court remand this action to State Court. The claims brought are not preempted by ERISA and are Florida statutory causes of action and Florida common law causes of action proper to be heard at the State Court level.

Dated: April 12, 2010
Palm Beach Gardens, Fl

Respectfully submitted,

s/Jeffrey G. Farwell

Scott W. Zappolo, Esq.
Florida Bar Number 132438
swz@wattersonlaw.com
Jeffrey G. Farwell, Esq.
Florida Bar Number 030273
jfarwell@wattersonlaw.com
Watterson & Zappolo, P.A.

4100 RCA Blvd., Suite 110
Palm Beach Gardens, FL 33410
Telephone: (561) 627-5000
Facsimile: (561) 627-5600
Attorneys for Plaintiff
Anesthesia & Critical Care
Specialists of Palm Beach, P.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM//ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Jeffrey G. Farwell
Jeffrey G. Farwell

**SERVICE LIST**

Scott W. Zappolo, Esq.
swz@wattersonlaw.com
Jeffrey G. Farwell, Esq.
jfarwell@wattersonlaw.com
Watterson & Zappolo, P.A.
4100 RCA Blvd., Suite 110
Palm Beach Gardens, FL 33410
Telephone: (561) 627-5000
Facsimile: (561) 627-5600
Attorneys for Plaintiff
Anesthesia & Critical Care
Specialists of Palm Beach, P.A.
Via CM/ECF

Jay S. Blumenkopf, Esq.
jblumenkopf@adorno.com
Julie Cloney, Esq.
Adorno & Yoss LLP
700 S. Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone: (561) 393-5660
Facsimile: (561) 338-8698
Attorneys for Defendant
Aetna Health, Inc.
Via CM/ECF